SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–458

SHARON SINGLETON

APPELLANT

V.

ARKANSAS DEPARTMENT OF
HUMAN SERVICES

APPELLEE

Opinion Delivered   OCTOBER 1, 2014

APPEAL FROM THE SCOTT
COUNTY CIRCUIT COURT
[NO. 64JV-12-42]

HONORABLE TERRY SULLIVAN,
JUDGE

AFFIRMED; MOTION TO
WITHDRAW GRANTED

**BILL H. WALMSLEY, Judge**

Appellant Sharon Singleton appeals from the termination of her parental rights to her children J.S. and C.S. Appellant's counsel has filed a no-merit brief and a motion to withdraw pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no meritorious grounds for appeal. Counsel's brief lists all rulings adverse to appellant that were made at the termination hearing and explains why each is not a meritorious ground for reversal. The clerk of this court mailed copies of counsel's brief and motion to appellant informing her of her right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3). Appellant has not filed pro se points.

The Department of Human Services (DHS) took emergency custody of J.S. and C.S. in August 2012 after an investigation revealed that the family was living in a motel, lacked

SLIP OPINION

adequate food, and both parents were using drugs. The children were adjudicated dependent–neglected and the goal of the case was reunification with appellant. The case continued for a year until the goal of the case was changed to termination of parental rights and adoption at an August 2013 hearing. At that hearing, the court found that appellant had not obtained and maintained stable employment or a suitable home, had not completed all of her parenting classes, had not completed a drug-and-alcohol assessment, had not attended AA/NA meetings, and had continued to test positive for illegal drugs.

The termination hearing was held in February 2014. Testimony established that appellant's compliance with the case plan had been sporadic and at times nonexistent. Appellant acknowledged testing positive for methamphetamine during the case and refusing to test on several occasions. She was also arrested for drinking in public during the case. She did not comply with the requirement to have a drug-and-alcohol assessment until December 2013, after she was facing termination. Appellant was required to comply with the assessment's recommendation—inpatient treatment—but she refused to go. Appellant had not visited the children regularly, had missed counseling appointments, and did not complete parenting classes until January 2014. The trial court terminated appellant's parental rights upon finding that termination was in the children's best interest and that DHS had proved two grounds for termination: (1) the children had been adjudicated dependent-neglected and had been out of appellant's custody for at least twelve months and, despite a meaningful effort by DHS to rehabilitate appellant and correct the conditions that caused removal, those conditions had not been remedied; (2) appellant had subjected the children to aggravated

SLIP OPINION

circumstances as there was little likelihood that services to the family would result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(i) & (ix)(*a*)(*3*).

Based on our examination of the record and the brief presented to us, we conclude that appellant's counsel has complied with the requirements for no-merit termination cases and that an appeal would be wholly without merit. Accordingly, we affirm the termination order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

PITTMAN and HIXSON, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

No response.